IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:17-cr-00085-001 |
| v. ) | |
| ) | By:  Elizabeth K. Dillon |
| PERRIANNE LEA WRIGHT ) | United States District Judge |

## MEMORANDUM OPINION

Before the court is defendant Perrianne Lea Wright's motion for early termination of supervised release.  (Dkt. No. 213.)  Both the government and the probation office indicate that they do not oppose early termination.  The court will grant Wright's motion.[1]

## I.  BACKGROUND

Perrianne Wright was named in a seven-count indictment filed on December 21, 2017, in the Western District of Virginia, Roanoke Division.  (Dkt. No. 3.)  She pled guilty to count one of the indictment, conspiracy to distribute 500 grams or more of methamphetamine, on April 30, 2018.  (Dkt. No. 86.)  Wright was accountable for at least five but less than fifteen kilograms of methamphetamine.  (*Id.*)  According to the presentence report, Wright received methamphetamine in packages via Fedex from a source in California and provided the methamphetamine to distributors in the Roanoke area. Wright received between twenty-eight and thirty-two packages containing ten to twelve ounces of methamphetamine, and one package contained two ounces.  In total, she received 7.9947 kilograms of methamphetamine.  (Dkt. No. 107.)  The guidelines called for 87 to 108 months imprisonment, based on a total offense level of twenty-nine and a criminal history category of I.

---

[1] A hearing is not necessary because the relief sought is favorable to Wright and the government does not oppose the motion.  Fed. R. Crim. P. 32.1(c)(2).

On August 16, 2018, the court sentenced Wright to thirty-six months imprisonment. (Dkt. No. 112.) The court departed downward due to Wright's unique characteristics. She had no criminal history, had a good employment record, made no profit, was not a substance user, and had an almost compulsive need to serve and please others – even to her detriment. The court was convinced that her actions in furtherance of the drug conspiracy were performed "out of the goodness of her heart." (Dkt. No. 113.) In addition to thirty-six months imprisonment, Wright was sentenced to a three-year term of supervised release.

Wright was released from the Bureau of Prisons on April 2, 2021, and began her supervised release. Wright did not have any issues within the BOP. Wright's period of supervised release is scheduled to end on April 1, 2024, and she passed her 'halfway point' on October 2, 2022. Wright has been compliant with the terms of her supervised release. Wright passed her drug screens with the probation office on April 7, April 22, and October 5, 2021. Wright has not incurred any new charges while on supervised release, and she has paid her special assessment penalty in full. Wright has been gainfully employed while on supervised release. Due to her compliance with supervised release, Wright was placed on the administrative caseload on October 14, 2021, where she has maintained compliance by submitting monthly reports.

In her motion, Wright asks the court to terminate her supervision based on how well she is doing since being released from prison. She explains that she has a good job and a place of her own to live. (Dkt. No. 213.) Wright expressed to probation her interest in being released early to further her career as she has opportunities through her work to travel to facilities in other states and learn new trades in different departments.

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year

of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant, and to provide the defendant with needed education or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

As the court explained at sentencing, Wright's situation is unique. She is a good person who found herself in a bad circumstance and acted completely contrary to her normal character. It was necessary for Wright to be punished, but Wright's actions while imprisoned and on supervised release confirm the court's sense at sentencing that Wright had learned her lesson and would not repeat her mistake. Further supervision is not necessary to protect the public from further crimes by Wright. Because Wright has already served her sentence and more than half of her term of supervised release, the goals of promoting deterrence, encouraging respect for the law, and

providing just punishment for the offense have been accomplished. Therefore, the court finds that the interests of justice favor the termination of supervised release.

### III.  CONCLUSION

For the foregoing reasons, Wright's motion for early termination of supervised release will be granted. The court will issue an appropriate order.

Entered: January 12, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge